# SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release ("Agreement"), is entered as of August 28, 2011, by and among Plaintiff Cristino Dizon, individually and on behalf of others similarly situated (collectively, "Plaintiff"), and Defendants Ito, Inc. dba Kikka ("Kikka") and Tonny Soesanto (collectively, "Defendants"). The parties to the Agreement shall be referred to collectively herein as the "Parties.")

## 1. Case Description.

A pending action C-10-0239 – JSW (the "Lawsuit") is covered by the settlement memorialized in this Agreement (the "Settlement"): a putative class action filed on November 17, 2009, Dizon v. Ito, Inc., individually and on behalf of all others similarly situated.

## 2. Defendants' Non-Admissions Clause.

Defendants deny any liability or wrongdoing of any kind associated with the claims alleged in the Lawsuit, and further deny that, for purposes other than the settling of the Lawsuit, any part of the Lawsuit is appropriate for class certification. The Lawsuit, the negotiation and execution of the Agreement and all acts performed or documents executed pursuant to or in furtherance of the Settlement: (i) shall not be used as an admission or evidence of wrongdoing on behalf of Defendants, or any of them; (ii) shall not be an admission or evidence of fault on behalf of Defendants or any of them, in any civil, criminal or administrative agency; and (iii) shall not be deemed to be, and may not be used as, an admission or evidence of the appropriateness of these or similar claims for class certification in the Lawsuit or with respect to any other proceeding.

## 3. Settlement Class Definitions.

For purposes of this Settlement, there will be two Settlement classes, both of which will be certified:

1) Class A will be comprised of all non-exempt, hourly-paid California employees of Kikka employed in locations other than Kikka's facility located at 431 South Isis Avenue, Inglewood, California ("California Chefs") employed from four years prior to the filing of the Lawsuit, to the date of Preliminary approval of the Settlement;

2) Class B will comprised of all California Chefs employed from four years prior to the filing of the Lawsuit, to a date one week prior to or earlier than one week prior to Preliminary approval of the Settlement.

## 4. Appropriateness of Settlement Classes.

For purposes of this Settlement only, the Parties conditionally stipulate that the requisites for establishing class certification have been met with respect to the two settlement classes, and therefore, stipulate to certification of both settlement classes.

5. **Court Approval as Condition to the Settlement.**

Court approval is a condition precedent to the Settlement.

6. **Appointment of Class Counsel.**

The parties agree to the designation of Harris & Ruble as class counsel for the two settlement classes for all purposes.

7. **Settlement Payments.**

A total sum of ~~Three~~ Two Million Four Hundred Fifty-One Thousand Dollars ($2,451,000) ("Settlement Payment") shall be paid by Kikka in consideration for the Releases, covenants and promises set forth in this Agreement, in full settlement of all claims set forth in the Lawsuit. Said payment shall be made at the times and in the manner set forth in section 1~~7~~6 herein, and said payment shall be distributed amongst the Settlement Classes, Dizon, and Plaintiff's Counsel as set forth in this Section ~~8.A. through F~~16.

   A. **Payment to the Class A Settlement Class.**

The Parties have allocated a portion of the Settlement Payment to settle the claims of those members of the Class A Settlement Class who fully complete valid claim forms verifying the following: their name and mailing address. Subject to approval of this Court, the funds allocated to the Class A Settlement Class shall be sixty-six and six tenths percent (66.6%) of the Net Settlement ~~Payment~~Fund~~, Attorneys' Fees and Costs (Section 8.D.), Claims Administrator Fees (Section 8.E.), and Plaintiff's Enhancement Award (Section 8.F.)~~. The resulting total payment to the Class A Settlement Class will be divided proportionately among those Class A members who timely opt in, as a function of the number of hours during which they have been employed by Kikka from four years prior to the filing of the Complaint through the date of preliminary approval of the settlement.

   B. **Payment to the Class B Settlement Class.**

The Parties have allocated a portion of the Settlement Payment to settle the claims of those members of the Class B Settlement Class who fully complete valid claims forms verifying the following: their name, mailing address, phone number, and that they were employed by Kikka in California at some point during the period from four years prior to the filing of the case up to and including the preliminary approval of the settlement. Subject to approval of this Court, the funds allocated to the Class B Settlement Class shall be 33.4 percent (33.4%) of the Net Settlement Fund ~~Payment, Attorneys' Fees and Costs (Section 8.D.), Claims Administrator Fees (Section 8.E.), and Plaintiff's Enhancement Award (Section 8.F.)~~. The resulting total payment to the Class B Settlement Class will be divided proportionately among those Class B members who timely opt in, as follows: ~~the remainder to be divided~~ proportionately among former Kikka California chefs. ~~Subject to approval of this Court, the funds allocated to the Class B Settlement Class shall be 33.4 percent (33.4%) Settlement Payment, Attorneys' Fees and Costs (Section 8.D.), Claims Administrator Fees (Section 8.E.), and Plaintiff's Enhancement Award (Section 8.F.).~~

C. <u>Attorneys' Fees and Costs.</u>

As part of the overall settlement and release of claims and subject to approval by the Court, Defendants agree that the amount of attorneys' fees to be allocated from the Settlement Payment to Plaintiff's Counsel shall be determined by the Court. Plaintiff's Counsel will also request that the Court reimburse Plaintiff's Counsel, from the Settlement Payment, for actual and reasonable costs and expenses incurred in bringing and maintaining this action. Plaintiff's Counsel will present its request for attorneys' fees and costs at the Final Approval Hearing. Defendants will not object to Plaintiff's Counsel's request for attorneys' fees and costs, not to exceed thirty percent (30%) of the total Settlement Payment. Except as set forth herein, Plaintiff, Class Members and Defendants shall bear their own attorneys' fees and costs. Except as herein expressly provided regarding payment to the Claims Administrator, Plaintiff's counsel assume full responsibility for payment of all costs of any sort whatsoever, including witness and expert fees, incurred by Plaintiff or by any of Plaintiff's counsel of record, related to this matter.

D. <u>Claims Administrator Fees.</u>

Subject to approval by the Court, the fees charged by the Claims Administrator shall be paid from the Settlement Payment after final approval and funding of the Settlement.

E. <u>Plaintiff's Enhancement Award.</u>

Subject to approval by the Court, Kikka agrees that Plaintiff Dizon will receive an enhancement of up to $15,000.00 for serving as a Class Representative subject to an IRS Form 1099. Plaintiff assumes sole responsibility for tax reporting and payment.

F. <u>Net Settlement Fund.</u>

<u>The Net Settlement Fund shall be calculated by deducting the payments set forth in Paragraphs 7(C), 7(D) and 7(E) from the Settlement Payment.</u>

8. **Costs of Claim Administration.**

Subject to approval of the Court, the Parties have selected Gilardi & Co., LLC as the neutral Claims Administrator ("Claims Administrator") to perform all acts related to providing notice to the Class Members and to all payments to Plaintiff, h<u>is</u>~~er~~ counsel, Settlement Class Members ~~or the LWDA~~. Plaintiff will advance all administrative costs, subject to reimbursement from the Settlement Payment ~~as set forth in Section 8.E., *supra*~~.

9. **Seeking Preliminary Approval from the Court.**

The settlement of this lawsuit is conditioned upon the Court's providing both Preliminary and Final Approval of the settlement terms. As promptly as possible, ~~and in sufficient time to allow a preliminary approval hearing to occur on or before_____,~~ Plaintiff's counsel shall file a motion with the Court for preliminary approval of this Stipulation for Settlement. Kikka shall support the request for preliminary approval, and counsel for both

Parties will jointly prepare a proposed Order for Preliminary Approval. The submission for preliminary court approval will include proposed forms of notice and all other documents.

10. **Information to the Claims Administrator.**

Not later than 30 days after receipt of notice of the Court's entry of an Order of Preliminary Approval, Kikka shall provide to the Claims Administrator a database that contains the following:

1)  the last known name, mailing address, start and, if applicable, end dates of employment of every individual member of the two settlement classes~~non-California employee employed by Kikka from four years prior to the filing of the suit, to the date of preliminary approval~~; and

2)  Kikka shall cooperate and provide any additional information the Claims Administrator may reasonably request for the purpose of giving notice to Class Members, allocating and distributing the settlement amounts and otherwise administering this Agreement.

11. **Class Notice and Claim Form.**

   A.  Notice to the Class.

Not later than 15 days after receipt of the information described in Paragraph 1 0~~2~~, the Claims Administrator shall provide a Notice of Pendency of Class Action, Proposed Settlement, and Hearing Date for Court Approval ("Class Notice") to the Class Members. Such Class Notice shall include an explanation of the procedure for requesting exclusion from the Class and a Claim Form. All such forms shall first be approved by the Court. Class Members shall have ~~sixty (60~~forty-five (45) days from the date the notices are mailed by the Claims Administrator to postmark Claims Forms. Class Members shall have ~~sixty (60~~forty-five (45) days from the date the notices are mailed to postmark Objections or requests for exclusion (such requests for exclusion are also referred to as "Opt-Outs"). In order to opt-out, the request for exclusion must be completed in its entirety in accordance with all instructions set forth in the Class Notice. The Claims Administrator will perform one address follow up on returned mail, and will re-mail the Class Notice and Claims Form to an updated address (if any) within 15 days of receipt of the returned mail. (The 45~~60~~ day time limits will run from the date of the second mailing for those Class Members.) It is the intent of the Parties that reasonable, but not extraordinary, efforts be used to locate Class Members. If the initial mailing is returned, the Claims Administrator will search using the social security number of the Class Member for a more current address. If no address is found within ten days, no further action is required. The Claims Administrator will provide updates to both counsel regarding the notification process, as requested by either counsel.

   B.  Deficiency Notices.

Within seven (7) days of receipt by the Claims Administrator of each timely submitted Claim Form, the Claims Administrator will send a deficiency notice to the Class Member explaining those irregularities which are subject to cure in the completed Claim Form. The

deficiency notice will provide the Class Member the greater of the remainder of the ~~90~~45-day period or 15 days from the date of mailing the deficiency notice to postmark the written response to any deficiencies. If the deficiency is not fully remedied, the Class Member will not be eligible for a distribution of settlement funds. Full compliance with the Claims Form and Class Notice is required. The failure of a Class Member to timely submit a Claim Form, shall invalidate the claim, and shall not be considered a deficiency subject to cure.

C. Claims Administration.

Class Members shall mail all Claims Forms directly to the Claims Administrator at the address indicated on the Claim Form. If a Claim Form is sent to either Party or their counsel, that Party or its counsel shall forward the Claim form to the Claims ~~A~~administrator, and it shall be deemed mailed on the date of the original postmark. The Claims Administrator shall be responsible for making all payments to any person or entity from the settlement amounts, for taking care of all required tax deductions, withholding, and reporting, and for communicating the information regarding status of the payments to the Parties' counsel. Payments to Class B Claimants ~~in subsections (i) and (iii)~~ will not be subject to withholdings. Those payments will constitute damages, for which the Claims Administrator will issue a 1099 for the applicable year. Within 30 days after the payout period described in Paragraph 1~~8~~6, the Class Administrator shall file with the Court one or more declarations certifying that all required payments have been distributed pursuant to the terms of the Final Approval Order. Within that same 30 day period (or later in the case of class settlement checks having been voided under this Paragraph), the Claims Administrator will distribute all undistributed funds (and any interest due) to the ~~LWDA~~pro bono sections of the Bar Association of San Francisco and the Beverly Hills Bar Association, or such other cy pres recipient as shall be approved by the Court. The Parties agree that all checks mailed to Class Members will be voided if not negotiated within 90 days of the date of their mailing to the Class Member.

D. Report of Class Member Participation.

Within ten days of the conclusion of the later of the opt-out period and the claims period (including time for a second mailing ~~as required by Paragraph 13(A)~~ and a response to the deficiency notice ~~required by Paragraph 13(B)~~), the Claims Administrator will provide a written report to both Parties' counsel noting the number of class notices sent, the number that were returned as undeliverable ~~(after the follow up required by Paragraph 13(A))~~, the number of valid opt-outs, and the number of valid claims per Settlement Class (including a breakdown of the number of claims falling within each of the categories set forth in the claims form). Prior to the due date for this report, the Claims Administrator will reasonably respond to requests from either party's counsel for a report on the current status of the claims and opt-out procedures.

12. **Objections.**

All objections to the settlement must be served and filed with the Court within 45~~30~~ days after the initial or second mailing by the Claims Administrator. All objections must be served on both Parties' counsel, and filed with the Court, along with a Notice of Intention to Appear. Class Members who fail to file and serve timely written objections in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objection

(whether by appeal or otherwise) to the settlement, unless otherwise ordered by the Court. Only Class Members who do not Opt-Out may file objections. The Parties' counsel may, at least ten days (or some other date as set by the Court) before the Final Approval Hearing, file responses to any written objections filed by the Court.

<u>If more than 10% of those to whom notices are mailed opt out, the Defendants may in their sole discretion rescind this Agreement, provided, however, that any opt-outs who provide releases shall not be considered in determining whether 10% have opted out.</u>

13. **Release by Class.**

Upon final approval by the Court, each ~~Class A~~ Class Member (Class A and Class B) who has returned a valid Claim Form, ~~and each Class B Class Member who has not submitted a valid exclusion form (whether or not s/he has returned a valid Claims Form)~~, releases Kikka and each of its officers, directors, employees, agents, direct and indirect subsidiaries or affiliated corporations, organizations, representatives, insurers, predecessors, successors, assigns, clients and counsel (collectively referred to as the "Released Parties") from any and all claims, debts, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, penalties, damages, restitution, injunctive relief, or a remedy of any other type which are based on, arise out of, or are related to the causes of action of the Lawsuit, including but not limited to, claims made pursuant to the Fair Labor Standards Act; claims made pursuant to the California Labor Code for failure to pay overtime compensation, failure to provide accurate wage statements, failure to provide adequate meal periods and/or rest periods, continuing wages, and failure to pay indemnification for expenditures or losses; claims under California Business and Professions Code section 17200, *et seq.*; and claims for civil penalties pursuant to the California Labor Code and the Private Attorneys General Act of 2004 through the Effective Date of the Agreement. This release covers all claims for interest, attorneys' fees and costs related to the Lawsuit. ~~Class B Class Members who have not timely returned valid Claims Form shall not share in the distribution of any part of the Settlement amount, but nevertheless shall be bound by the Release provisions of this Agreement (unless they have validly opted-out).~~ Notwithstanding anything to the contrary contained herein, no Class Member herein shall release any potential claims for violations of the Fair Labor Standards Act unless and until s/he affirmatively opts into the Settlement. As they relate to these Released Claims, Class Members waive all rights under California Civil Code Section 1542, or any similar statute of another jurisdiction, and understand that they are releasing known and unknown claims within the scope of this Release. Section 1542 states:

> "A general release does not extend to claims which the creditor does not know about or does not suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

14. **Injunction Barring Pursuit of Released Claims by Class Members.**

As part of the preliminary approval of the settlement, the Class Members shall be enjoined from filing, initiating or continuing to prosecute any actions, claims, complaints, or

SF01/ 693293.1

proceedings in court, with the California ~~Department~~ Division of Labor Standards Enforcement ("DLSE"), with the California Labor and Workforce Development Agency ("LWDA"), or with any other entity regarding the Released Claims. This Settlement is conditioned upon the release by all Class Members as described in Paragraph ~~15~~ 13 above, and upon covenants by all Class Members that they will not participate in any actions, ~~l~~Lawsuit_s_, proceedings, complaints or charges brought individually, by the DLSE, the LWDA, or by any other agency, person or entity in any court or before any administrative body related to the Released Claims, nor will Class Members contest or interfere with efforts by Kikka to oppose any attempt to bring such Released Claims against the Released Parties.

### 15. Effective Date.

The Effective Date of this Settlement ("Effective Date") is the date upon which: (a) the Settlement is finally approved substantially in accordance with the terms of this Stipulation for Settlement; and (b) the Court's entry of Judgment and Dismissal of the Lawsuit ("Judgment"), substantially in accordance with the terms of this Stipulation for Settlement, become final. For purposes of defining the Effective Date, the date upon which the Settlement and Judgment (as described above) become final is the last date of (a) final approval by the Court, when no further objections can be made; (b) if there are objections to the Settlement which are not withdrawn, and if no appeal, review or writ is sought from the Judgment, the day after the period for appeal has expired; or (c) if an appeal, review or writ is sought from the Judgment, the day after the Judgment is affirmed or the appeal, review or writ is dismissed or denied and the Judgment is no longer subject to further judicial review. The Settlement will, therefore, not become effective until and unless it is approved by the United States District Court for the Northern District of California ("Northern District") Court and affirmed by any possible reviewing Court, if an appeal or challenge is taken from the Northern District Court's action.

### 16. Settlement Funding and Payout Deadlines.

The Settlement Payment identified in Section 7~~8~~, herein, shall be funded as set forth in this paragraph. On or before ~~August 31~~September 30, 2010, Kikka will deposit Three Hundred Thousand Dollars ($300,000.00) ("First Payment") into an escrow to be established by the Claims Administrator, who will keep the monies in an interest-bearing account. Ten (10) days after preliminary settlement approval, which shall be given on or after ~~January~~ October 15, 201_0_~~1~~, Kikka will deposit an additional Two Million ~~Dollars~~ One ~~Seven~~-Hundred Fifty One Thousand Dollars ($2,151,~~700,~~000.00) ("Second Payment") with the Claims Administrator. The Claims Administrator shall pay out all amounts to the class members, Plaintiff and Plaintiff's counsel (by wire transfer in accordance with Plaintiff's counsel's direction), and Claims Administrator Costs. Funding of the Settlement Payment is solely the obligation of the Defendants.

### 17. Communications with Class Members.

Under no circumstances will any counsel or Plaintiff encourage a class member to opt-out.

### 18. Effect of Failure of the Settlement Due to Non-Approval of the Court.

In the event of non-approval by the Northern District Court (or by any reviewing Court) of this Settlement (in substantially the same form as set forth in this Agreement), the Settlement shall be deemed voided and no party or counsel shall be entitled to the payment amounts contemplated herein. Moreover, in the event of non-approval by the Court, no party (or other witness) may use the fact that the Parties agreed to settle the case, the settlement documents, or any communications regarding the settlement as evidence of Defendants' liability or lack thereof. If the Settlement fails for these or any other reasons, the Claims Administrator's costs incurred to that time shall be deducted from the First Payment. If the Settlement fails after Kikka has deposited funds with the Claims Administrator or paid out any other amounts to Plaintiff or her his counsel, all such amounts, other than payment of costs to Claims Administrator, will be returned to Kikka within ten (10) days of the failure, together with any interest accrued on such amount.

19. **Tax Issues.**

This Agreement does not constitute tax advice to any recipient of monies. Class Members will be advised to seek individual tax advice in the Notice to Class Members. Defendants will not be held responsible for individual tax liability, if any, found to exist on behalf of Class Members who choose to participate in this Settlement. Any tax withholdings, deductions or obligations arising out of the distribution of the Settlement Payment to Plaintiff and the Class Members shall be funded exclusively by the Settlement Payment, as noted in Section 12.C.

20. **Future Cooperation.**

The Parties and their respective counsel of record shall proceed diligently to prepare and execute all documents, to seek the necessary court approvals, and to do all other things reasonably necessary to conclude the settlement and dismiss the Lawsuit in accordance with this Agreement. The Parties agree to cooperate fully to achieve Final Settlement Approval substantially in accordance with the terms outlined herein.

21. **Construction and Interaction.**

This Agreement, including its exhibits, constitutes the entire agreement among the parties. No representations, warranties of inducements have been made to any party concerning the subject matter of this Agreement and/or exhibits other than the representations, warranties and covenants contained in such documents. This Agreement and related exhibits shall each be construed as a part of the whole, and with reference to one another, according to their fair meaning and intent. Each Party represents that his/her counsel has participated and cooperated in the drafting and preparation of this Agreement and related exhibits; hence, in any construction to be made of this Agreement and/or exhibits, the same shall not be construed against any party on the basis that said party was the drafter.

22. **Governing Law.**

California law governs the interpretation and application of this Agreement and administration of any class claims.

23. **Counterparts.**

This Agreement may be executed in one or more faxed counterparts, which may be filed with the Court. All executed counterparts, and each of them, shall be deemed to be one and the same instrument.

24. **Parties' Authority.**

The signatories hereto represent that they are fully authorized to enter into this Settlement Agreement and bind the Parties to the terms and conditions hereof.

25. **Continuing Jurisdiction.**

Except as otherwise specifically provided for herein, the Northern District Court shall retain jurisdiction to enforce this Agreement and the Settlement, to supervise all notices, the administration of the Settlement and this Agreement and distribution of the Settlement Payment, and to hear and adjudicate any dispute arising from or related to the Settlement. Mediator Alan R. Berkowitz will continue oversight of the settlement, provided the parties agree any disputes related to the mechanics and non-monetary terms of the settlement will be decided by Mediator Berkowitz according to procedures he sets forth. Any decisions will be binding.

26. **Class Signatures.**

It is agreed that because the Class Members are so numerous, it is impossible or impractical to have each Class Member execute this Agreement. Plaintiff executes this Agreement on behalf of all Class Members. The Class Notice shall advise all Class Members of the binding nature of the release and such shall have the same force and effect as if this Agreement were executed by each member of the Class.

27. **Representations Regarding Other Matters.**

Plaintiff's counsel represent that they know of no other claims or attempted claims against Defendants or any related party raising wage and hour related claims, such as those raised in this Lawsuit.

**[remainder of page intentionally left blank;
Agreement continues on following page]**

**Reviewed and accepted:**

PLAINTIFF:

Dated: AUGUST 27, 2010  _____
                        Plaintiff DIZON

DEFENDANTS:

Dated: 8/27, 2010  _____
                    For Defendant KIKKA
                    Printed Name: TONNY SOESANTO
                    Title: CEO

Dated: 8/27, 2010  _____
                    Defendant SOESANTO

**Approved as to form and content:**

Dated: 8/27, 2010   HARRIS & RUBLE

                    _____
                    Alan Harris
                    ~~Matthew E. Kavanaugh~~ Abigail Treanor
                    Attorneys for Plaintiff DIZON

[continued on following page]

Dated: 8/27, 2010   NORTH BAY LAW GROUP

SF01/ 693293.1

_____
David S. Harris
Attorneys for Plaintiff DIZON

Dated: 27 August, 2010

Littler Mendelson PC

_____
John C. Kloosterman
Kai-Ching Cha
Attorneys for Defendants <u>Ito, Inc. dba Kikka and Tonny Soesanto</u>

**[remainder of page intentionally left blank]**