Alan Harris (SBN 146079)
Abigail Treanor (SBN 228610)
HARRIS & RUBLE
6424 Santa Monica Blvd.
Los Angeles, California 90038
Telephone: 323.962.3777
Facsimile: 323.962.3004
aharris@harrisandruble.com
atreanor@harrisandruble.com

David S. Harris (SBN 215224)
NORTH BAY LAW GROUP
116 E. Blithedale Ave., Suite 2
Mill Valley, California 94941
Telephone: 415.388.8788
Facsimile: 415.388.8770
dsh@northbaylawgroup.com

Attorneys for Plaintiff
CRISTINO DIZON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRISTINO DIZON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ITO, INCORPORATED doing business as KIKKA, a California Corporation, and TONNY SOESANTO, an individual, and Doe 1 through and including Doe 10,<br><br>Defendants. | Case No. 3:10-CV-00239-JSW<br><br>**[PROPOSED] ORDER GRANTING CONDITIONAL CERTIFICATION OF SETTLEMENT CLASS, PRELIMINARY APPROVAL OF CLASS-ACTION SETTLEMENT, AND APPPOINTMENT OF CLAIMS ADMINISTRATOR**<br><br>Assigned to the Honorable Jeffrey S. White, Courtroom 11<br><br>Date: October 22, 2010<br>Time: 9:00 a.m.<br>Place: Courtroom 11, 450 Golden Gate Avenue, San Francisco, CA 94102<br><br>Complaint Filed: November 17, 2009 |

1    The Motion for Conditional Certification of Settlement Class, Preliminary Approval of Class-Action Settlement, and Appointment of Claims Administrator came on regularly for hearing before this Court, the Jeffrey S. White presiding, on October 22, 2010, at 9:00 a.m. The Court, having considered the papers submitted in support of the motion and having heard oral argument of the parties, HEREBY ORDERS AS FOLLOWS:

1. The Court grants preliminary approval of the Settlement based upon the terms set forth in the "Settlement Agreement and General Release" ("Settlement") attached hereto as Exhibit 1 entered among Plaintiff Cristino Dizon, individually and on behalf of others similarly situated (collectively, "Plaintiff"), and Defendants Ito, Inc. dba Kikka ("Kikka") and Tonny Soesanto (collectively, "Defendants).

2. The Court hereby conditionally certifies, for settlement purposes only, two Settlement Classes under Federal Rule of Civil Procedure 23 and under the federal Fair Labor Standards Act, 29 U.S.C. Section 216(b), as follows:

    a. "Class A" is comprised of all non-exempt, hourly-paid California employees of Kikka employed in locations other than Kikka's facility located at 431 South Isis Avenue, Inglewood, California ("California Chefs") from November 17, 2005, to the date of Preliminary Approval of the Settlement.

    b. "Class B" is comprised of all California Chefs employed from November 17, 2005, to date one week prior to or earlier than one week prior to Preliminary approval of the Settlement.

3. The Court finds that the numerosity requirement is met as there are approximately 481 members in "Class A" and approximately 764 members in "Class B."

4. The Court finds that there are common issues of fact and law that affect Plaintiff and the proposed Class Members, which include: (1) whether the

1  Class Members were paid all of the minimum and overtime wages owing to them,
2  (2) whether the Class Members waived their rights to ten-minute rest periods and
3  thirty-minute meal periods, (3) whether Defendants provided adequate wage
4  statements in compliance with section 226 of the California Labor Code, (4)
5  whether the Class Members whose employment with Defendants had terminated
6  were paid all of their wages by the relevant due date, and (5) whether the
7  Settlement Class Members received the ten-minute rest periods and thirty-minute
8  meal periods mandated by sections 226.7 and 512 of the California Labor Code.
9  As Plaintiff need only establish one common question of law or fact in order to
10 meet the low threshold set by Rule 23(a)(2), Plaintiff's showing satisfies this
11 requirement.

12     5.    The Court finds Plaintiff's claims are typical of those of the two
13 Settlement Classes he seeks to represent. Plaintiff's claims are typical to the
14 members of "Class A" because he was a California Chef who worked at a third-
15 party location and alleges he was not paid adequate minimum wage or overtime
16 compensation, not provided required rest and meal periods, and received
17 inadequate wage statements. Plaintiff's claims are typical to the members of
18 "Class B" because he was a California Chef who no longer works for Defendants
19 and alleges he did not receive all wages due upon discharge.

20     6.    The Court finds the named Plaintiff will fairly and adequately
21 represent the interests of the Settlement Classes. Plaintiff has retained counsel who
22 have the experience and resources necessary to provide adequate representation of
23 the Classes and meet the requirements of Rule 23(g)(1).

24     7.    The Court hereby preliminarily determines that the settlement set
25 forth in the Settlement falls within the range of reasonableness, is in the best
26 interests of the Settlement Classes, and appears to be presumptively valid, subject
27 only to any objections that may be raised at the final approval hearing. The Court
28 hereby preliminarily approves the Settlement under Rule 23(e) of the Federal Rules

1  of Civil Procedure, including preliminarily approving its provision for service
2  payment to the Class Representative ~~in the amount of $15,000~~.  However, subject
3  to the receipt and consideration by the Court of any objections to or comments on
4  the Settlement at the hearing described in Paragraph 8 of this Order, the service
5  payment to the Class Representative ~~in the amount of $15,000~~ is subject to further
6  Court review and Court approval.

7      8. A hearing on the question of whether the proposed Settlement should
8  be finally approved as fair, reasonable, and adequate as to the members of the
9  Settlement Classes, including its provision for payment to named Plaintiff Cristino
10 Dizon, and on Plaintiff's Motion for Award of Attorneys' Fees and Costs ~~is~~
11 shall be scheduled by stipulation of the parties and approval by the Court ~~scheduled for _____, 201_ at _____~~ ("Final Approval Hearing").
12 Settlement Class Members wishing to be heard at the Final Approval Hearing are
13 required to file written comments or objections and indicate in their writings their
14 intention to appear at the hearing.  Settlement Class Members need not appear at
15 the Final Approval Hearing or take any other action to indicate their approval of
16 the Settlement.  Any Settlement Class Members may, but not need to, enter an
17 appearance through his or her attorney or may appear without an attorney.

18     9. The Court approves, as to form and content, the Notice to Class of
19 Proposed Settlement of Class Action ("Class Notice") in substantially the form
20 attached as Exhibit 2 to the Declaration of Alan Harris in Support of Motion for
21 Conditional Certification of Settlement Class, Preliminary Approval of Class-
22 Action Settlement, and Appointment of Claims Administrator.

23    10. The Court confirms Gilardi & Co., LLC to act as the third-party
24 Claims Administrator and preliminarily approves the Administration Costs payable
25 to the Claims Administrator, estimated to be $30,000.   The Court directs the
26 mailing of the Class Notice and Claim Form by first-class mail to the Settlement
27 Class in accordance with the schedule and procedures set forth in the Settlement
28 Agreement and General Release.  The Court finds that the dates and method

1  selected for the mailing and distribution of the Class Notice and Claim Form, as set
2  forth in the Settlement, meet the requirements of due process and provide the best
3  notice practicable under the circumstances, and shall constitute due and sufficient
4  notice to all persons entitled thereto.

5  11. Members of the Settlement Classes who wish to challenge the
6  employment dates and/or number of hours worked used to calculate their share of
7  the Settlement must provide written evidence to support their challenge to the
8  Claims Administrator postmarked within 45 days of the date of mailing of the
9  Class Notice. The Claims Administrator will have full discretion to resolve any
10 such disputes.

11 12. The Court confirms Alan Harris and Abigail Treanor of the law firm
12 of Harris & Ruble as Class Counsel.

13 13. The Court confirms Cristino Dizon as the representative of the
14 Settlement Classes for class and collective actions.

15 14. Class Counsel shall file brief(s) requesting final approval of the
16 Settlement, an award of reasonable attorneys' fees and costs, and an award of
17 reasonable class representative enhancement fees to the representatives of the
18 Settlement Class not later than 35 calendar days before the final approval hearing.
19 All other dates shall be as established by Settlement.
20 / / / / /
21 / / / / /
22 / / / / /
23 / / / / /
24 / / / / /
25 / / / / /
26 / / / / /
27 / / / / /
28 / / / / /

15. Pending final determination as to whether the settlement set forth in the Settlement should be approved, Plaintiff and Settlement Class Members, whether directly, representatively, or in any other capacity, whether or not such persons have appeared in this action, shall be enjoined from filing, initiating or continuing to prosecute any actions, claims, complaints, or proceedings in court, with the California Division of Labor Standards Enforcement ("DLSE"), with the California Labor and Workforce Development Agency ("LWDA"), or with any other entity regarding the Released Claims as set forth in the Settlement.

Dated: October 29, 2010

_____
The Honorable Jeffrey S. White
United States District Court Judge