Alan Harris (SBN 146079)
Abigail Treanor (SBN 228610)
HARRIS & RUBLE
6424 Santa Monica Blvd.
Los Angeles, California 90038
Telephone: 323.962.3777
Facsimile: 323.962.3004
aharris@harrisandruble.com
atreanor@harrisandruble.com

David S. Harris (SBN 215224)
NORTH BAY LAW GROUP
116 E. Blithedale Ave., Suite 2
Mill Valley, California 94941
Telephone: 415.388.8788
Facsimile: 415.388.8770
dsh@northbaylawgroup.com

Attorneys for Plaintiff
CRISTINO DIZON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRISTINO DIZON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ITO, INCORPORATED doing business as KIKKA, a California Corporation, and TONNY SOESANTO, an individual, and Doe 1 through and including Doe 10,<br><br>Defendants. | Case No. 3:10-CV-00239-JSW<br><br>**[PROPOSED] ORDER AND JUDGMENT OF FINAL APPROVAL OF SETTLEMENT AND AWARD OF ATTORNEYS' FEES AND COSTS**<br><br>Assigned to the Honorable Jeffrey S. White, Courtroom 11<br><br>Date: April 8, 2011<br>Time: 9:00 a.m.<br>Place: Courtroom 11, 450 Golden Gate Avenue, San Francisco, CA 94102<br><br>Complaint Filed: November 17, 2009 |

1
[PROPOSED] ORDER GRANTING FINAL APPROVAL OF SETTLEMENT AND AWARDING FEES/COSTS

On April 8, 2011, at 9:00 a.m., the Court, with the Honorable Jeffrey S. White presiding, conducted a final settlement hearing and heard Plaintiff Cristino Dizon's ("Plaintiff") application for final approval of the Settlement set forth in the "Settlement Agreement and General Release" (the "Settlement") between Plaintiff, on the one hand, and Defendants Ito, Incorporated doing business as Kikka ("Kikka") and Tonny Soesanto ("Soesanto") (collectively "Defendants"), on the other, and Plaintiff's application for an award of attorneys' fees and reimbursement of costs. Defendants do not oppose the Motions. The Court has considered all papers filed, and the other information presented, and based on those papers and information presented, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. This Court has jurisdiction over the subject matter of this litigation, <u>Dizon v. Ito, Incorporated</u>, United States District Court for Northern District of California Case No. CV-10-00239-JSW (the "Litigation"), and over all parties to this Litigation, including all members of the Settlement Class, proceeding as a class action under Federal Rule of Civil Procedure 23 ("Rule 23") and collective action under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

2. As previously held in the Court's Preliminary Approval Order, the two Settlement Classes (collectively, the "Class") for settlement purposes are appropriate and defined as follows:

- "Class A" is comprised of all non-exempt, hourly-paid California employees of Kikka employed in locations other than Kikka's facility located at 431 South Isis Avenue, Inglewood, California ("California Chefs") from November 17, 2005, to the date of Preliminary Approval of the Settlement, October 29, 2010.

- "Class B" is comprised of all California Chefs employed from November 17, 2005, to date one week prior to or earlier than one week prior to Preliminary approval of the Settlement, October 22, 2010.

All persons who fall within the definition of the Class but who timely requested to be excluded from the Settlement are not included in the Class.

3. The Court hereby approves the Settlement and finds that said settlement is, in all respects, fair, reasonable and adequate to the Settlement Class. In making the determination that the Settlement is fair, reasonable and adequate and should be approved, the Court has considered (i) the strengths and weaknesses in Plaintiff's case, (ii) the risks, expense, complexity and likely duration of further litigation, (iii) the risks to Plaintiff of establishing and maintaining class and collective-action status, (iv) the monetary amount of the settlement, including the amounts of the individual payments that will be made to participating Settlement Class Members, (v) the extent of informal and formal discovery that has been conducted by the parties, (vi) the views of the parties' respective counsel, and (vii) the absence of any objection whatsoever.

4. The Court finds that there are common issues of fact and law that affect Plaintiff and the Class Members, which include: (1) whether the Class Members were paid all of the minimum and overtime wages owing to them, (2) whether the Class Members waived their rights to ten-minute rest periods and thirty-minute meal periods, (3) whether Defendants provided adequate wage statements in compliance with section 226 of the California Labor Code, (4) whether the Class Members whose employment with Defendants had terminated were paid all of their wages by the relevant due date, and (5) whether the Settlement Class Members received the ten-minute rest periods and thirty-minute meal periods mandated by sections 226.7 and 512 of the California Labor Code. As Plaintiff need only establish one common question of law or fact in order to meet the low threshold set by Rule 23(a)(2), Plaintiff's showing satisfies this requirement.

5. The Court finds Plaintiff's claims are typical of those of the two Settlement Classes he seeks to represent. Plaintiff's claims are typical to the members of "Class A" because he was a California Chef who worked at a third party location and alleges he was not paid adequate minimum wage or overtime

compensation, not provided required rest and meal periods, and received inadequate wage statements. Plaintiff's claims are typical to the members of "Class B" because he was a California Chef who no longer works for Defendants and alleges he did not receive all wages due upon discharge

6. The Court finds that the numerosity requirement is met as there are 1,252 Class Members.

7. The Court determines that the notice provided to the Class was the best notice practicable under the circumstances and constituted due and sufficient notice.

8. The proposed Class Representative has fairly and adequately protected the interests of the Settlement Class. He has retained counsel who have the experience and resources necessary to provide adequate representation of the Class and meet the requirements of Rule 23(g)(1).

9. As previously held in the Court's Preliminary Approval Order, the Court appoints as Class Counsel, Alan Harris and Abigail Treanor of the law firm of Harris & Ruble.

10. As previously held in the Court's Preliminary Approval Order, the Court appoints Cristino Dizon as the representative of the Class and FLSA collective action.

11. The Class, including Plaintiff and all the Class Members who have not submitted a valid and timely request for exclusion (and so who are not "Opt Outs"), shall be deemed conclusively to have made the following releases against Defendants:

> Any and all claims, debts, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, penalties, damages, restitution, injunctive relief, or a remedy of any other type which are based on, arise out of, or are related to the causes of action of the Lawsuit, including but not limited to, claims made pursuant to the Fair Labor Standards Act; claims made pursuant to the California Labor Code for failure to pay overtime compensation, failure to provide accurate wage statements, failure to provide adequate meal periods and/or rest periods, continuing wages, and failure to pay

indemnification for expenditures or losses; claims under California Business and Professions Code section 17200, et seq.; and claims for civil penalties pursuant to the California Labor Code and the Private Attorneys General Act of 2004 through the Effective Date of the Agreement. This release covers all claims for interest, attorneys' fees and costs related to the Lawsuit. Notwithstanding anything to the contrary contained herein, no Class Member herein shall release any potential claims for violations of the Fair Labor Standards Act unless and until s/he affirmatively opts into the Settlement. As they relate to these Released Claims, Class Members waive all rights under California Civil Code Section 1542, or any similar statute of another jurisdiction, and understand that they are releasing known and unknown claims within the scope of this Release. Section 1542 states:

> "A general release does not extend to claims which the creditor does not know about or does not suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

Only members of the Class who filed a Claim Form that included an FLSA opt-in provision will release FLSA claims.

12. The Court hereby approves the award of $735,300 in reasonable attorneys' fees and costs to Class Counsel, Harris & Ruble.

13. The Court hereby approves a class representative enhancement fee to Plaintiff Cristino Dizon in the amount of $15,000.

14. The Claims Administrator is hereby ordered to make payments pursuant to the terms of this Order and the Settlement. The Claims Administrator's request that $22,102.86 be reserved from the settlement amount for payment of costs relating to the administration of the claims procedure and distribution of individual settlement amounts to participating Class Members is approved.

15. All Claim Forms postmarked on or before March 1, 2011, shall be deemed valid and those Class Members shall participate in the Settlement.

16. The entire Litigation, including any claims asserted by any of the named Plaintiff, and all claims asserted by Settlement Class Members who have not filed timely and valid requests for exclusion, are hereby dismissed with prejudice. The parties shall bear all their own costs and attorneys' fees, except as otherwise set forth in the Settlement or this Judgment and Order.

17. The Court reserves jurisdiction, without affecting the finality of this Judgment and Judgment, over:

    (a) Implementation of the Settlement; and

    (b) Enforcing and administering the Settlement.

18. Notice of this Judgment has been given to the Class Members through the Class Notice. Notice of Entry of this Judgment may be served on the Settlement Class through service upon Class Counsel.

19. The Court finds that there is no just reason for delay of entry of this Order and Judgment of Final Approval of Settlement and Award of Attorneys' Fees and Costs and hereby directs its entry.

**IT IS SO ORDERED, ADJUDGED AND DECREED.**

Dated: __April 8__, 2011

                                              The Honorable Jeffrey S. White
                                              United States District Court Judge

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF SETTLEMENT AND AWARDING FEES/COSTS